WAYNE F. MURPHY, Appellant, v PHYLLIS F. MURPHY, Respondent. [992 NYS2d 565]—

In a matrimonial action in which the parties were divorced by judgment entered July 1, 1994, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (McDonald, J.), dated July 17, 2012, as, upon a decision of the same court dated March 5, 2012, in effect, granted that branch of the defendant's motion which was to for leave to enter an amended domestic relations order providing for distribution of the plaintiff's pension in accordance with the parties' stipulation of settlement and, in effect, denied that branch of his cross motion which was for leave to enter an amended domestic relations order providing for the distribution of his pension in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]), (2) so much of an order of the same court entered July 27, 2012, as, upon reargument, adhered to the determinations in the order dated July 17, 2012, and (3) stated portions of an amended domestic relations order of the same court entered August 3, 2012, which, inter alia, directed that the defendant's share of his pension was to be calculated using the formula set forth in the parties' stipulation of settlement.

Ordered that the appeal from the order dated July 17, 2012 is dismissed, as that order was superseded by the order entered July 27, 2012, made upon reargument; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the amended domestic relations order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order entered July 27, 2012 and the

amended domestic relations order are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The parties were divorced pursuant to a judgment dated July 1, 1994, which incorporated but did not merge their stipulation of settlement dated April 18, 1994. In relevant part, the stipulation of settlement provided that the defendant would be entitled to a percentage of the accrued pension benefits that the plaintiff accumulated as an employee of the New York Transit Authority in a pension plan administered by the New York City Employees' Retirement System (hereinafter NYCERS), in an amount to be computed by applying that percentage to "the number of months the parties were married, i.e., November 4, 1972, until the commencement of this action on April 18, 1994, which is 257 months, divided by the number of months [the plaintiff] participated in the plan at the date of his retirement from the plan." After the plaintiff retired, the Supreme Court issued a domestic relations order in September 2010 (hereinafter the 2010 DRO), but it was rejected by the pension plan administrator.

Thereafter, the defendant moved to vacate the 2010 DRO and for the issuance of an amended domestic relations order (hereinafter the amended DRO) providing for distribution of the plaintiff's pension in accordance with the formula set forth in the parties' stipulation of settlement. In addition to seeking the vacatur of the 2010 DRO, the plaintiff cross-moved for the issuance of an amended DRO providing for the distribution of his pension in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]).

A stipulation of settlement that has been incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation (*see Matter of Meccico v Meccico,* 76 NY2d 822, 823-824 [1990]; *Tamburello v Tamburello,* 113 AD3d 752, 753 [2014]; *Ackermann v Ackermann,* 82 AD3d 1020, 1020 [2011]; *Rosenberger v Rosenberger,* 63 AD3d 898, 899 [2009]). " 'A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning' " (*Tamburello v Tamburello,* 113 AD3d at 753 [2009], quoting *Ayers v Ayers,* 92 AD3d 623, 624 [2012]). A domestic relations order entered pursuant to a stipulation of settlement "can convey only those rights to which the parties stipulated as a basis for the judgment" (*McCoy v Feinman,* 99 NY2d 295, 304 [2002]).

Here, the Supreme Court properly rejected the plaintiff's contention that the distribution of his pension should be made in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]). In this regard, the stipulation of settlement makes no reference to the *Majauskas* formula, nor can one be implied from its plain terms. Instead, the relevant provision of the stipulation of settlement is clear and unambiguous, as it sets forth the specific formula to be used to determine the defendant's share of the pension. Contrary to the plaintiff's contention, the reference to "any survivor benefits" in the provision of the amended DRO applicable to the payment of arrears did not provide a right to survivor benefits that was not provided for in the stipulation of settlement. Consequently, the Supreme Court properly granted that branch of the defendant's motion which was for leave to enter an amended DRO providing for distribution of the plaintiff's pension in accordance with the parties' stipulation of settlement and, in effect, denied that branch of the plaintiff's cross motion which was for leave to enter an amended DRO providing for the distribution of his pension in accordance with the *Majauskas* formula.

The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court (*see Wells Fargo Bank, N.A. v IPA Asset Mgt. III, LLC*, 111 AD3d 820, 822 [2013]; *Buck Realty of Long Is., Inc. v Elliott*, 106 AD3d 768, 768 [2013]).

We decline the defendant's request for the imposition of sanctions, as neither the plaintiff nor his counsel engaged in sanctionable conduct on this appeal (*see* 22 NYCRR 130-1.1 [c]). Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.