■ FISHKIN, PUGACH & FINKELSTEIN, P.C., Respondent, v JACQUELINE BIGGIO, Appellant. [8 NYS3d 598]—In an action to recover damages for breach of contract and for an account stated, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered December 17, 2013, as denied her motion pursuant to CPLR 5015 (a) (3) to vacate a judgment of the same court dated August 24, 2009, entered upon her default in appearing or answering.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendant's motion pursuant to CPLR 5015 (a) (3) to vacate a judgment entered upon her default in appearing or answering. Under the circumstances of this case, the defendant failed to move for relief pursuant to CPLR 5015 (a) (3) within a reasonable time after entry of the judgment (*see Wells Fargo Bank, N.A. v Braun*, 123 AD3d 698 [2014]; *Bank of N.Y. v Stradford*, 55 AD3d 765 [2008]; *Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]). In any event, the defendant failed to demonstrate a reasonable excuse for the default, which is required when a CPLR 5015 (a)

(3) motion alleges intrinsic fraud, i.e., that the allegations in the complaint are false (*see New Century Mtge. Corp. v Corriette*, 117 AD3d 1011, 1012 [2014]; *Bank of N.Y. v Stradford*, 55 AD3d at 765-766; *Morel v Clacherty*, 186 AD2d 638, 639 [1992]).

The defendant's remaining contentions are raised for the first time on appeal and are not properly before this Court (*see Murphy v Murphy*, 120 AD3d 1319, 1320 [2014]; *Wells Fargo Bank, N.A. v IPA Asset Mgt. III, LLC*, 111 AD3d 820, 822 [2013]; *Buck Realty of Long Is., Inc. v Elliott*, 106 AD3d 768, 768 [2013]). Dillon, J.P., Leventhal, LaSalle and Barros, JJ., concur.

Motion by the respondent on an appeal from an order of the Supreme Court, Nassau County, entered December 17, 2013, to dismiss the appeal on the ground that the issues raised on the appeal should have been raised on a prior appeal which was dismissed for failure to timely perfect. By decision and order on motion of this Court dated June 10, 2014, the motion to dismiss the appeal was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied. Dillon, J.P., Leventhal, LaSalle and Barros, JJ., concur.