■ GOLDEN FIRST BANK, Respondent, v HERSEL TAL, Also Known as HERZEL TAL, Appellant, et al., Defendants. 155 CHESTNUT, LLC, Nonparty Respondent. [25 NYS3d 638]—

In an action to foreclose a mortgage, the defendant Hersel Tal, also known as Herzel Tal, appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered April 9, 2014, which denied his motion to vacate or modify a judgment of foreclosure and sale of the same court (McCabe, J.), entered April 24, 2008, upon his failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the appellant's motion to vacate or modify the judgment of foreclosure and sale entered April 24, 2008, upon his failure to appear or answer the complaint. Vacatur could only be obtained by way of a motion to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (*see IndyMac Bank, F.S.B. v Vincoli*, 105 AD3d 704, 706 [2013]). Although the appellant did not designate his motion as made pursuant to CPLR 5015, he contended that the judgment must be vacated based upon alleged acts of misconduct committed by the plaintiff and its principal, which falls under CPLR 5015 (a) (3). However, the appellant failed to satisfy his burden of establishing that the plaintiff procured the subject judgment of foreclosure and sale by fraud, misrep-

resentation, or other misconduct (*see Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *Onewest Bank, FSB v Martinez*, 101 AD3d 969, 970 [2012]). The appellant's broad, unsubstantiated allegations of fraud and claims of improper practices in unrelated matters were not sufficient to meet his burden (*see Citimortgage, Inc. v Bustamante*, 107 AD3d at 753; *Onewest Bank, FSB v Martinez*, 101 AD3d at 970; *Bank of N.Y. v Stradford*, 55 AD3d 765, 766 [2008]).

The appellant's remaining contentions either are not properly before this Court, without merit, or refer to matter dehors the record. Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.