■ LaSalle Bank National Association, as Trustee for Certificate Holders of EMC Mortgage Loan Trust 2005-A, Mortgage Loan Pass-Through Certificates, Series 2005-A, Respondent, v Michael R. Oberstein et al., Defendants, and Sperry Associates Federal Credit Union, Appellant. [45 NYS3d 538]—

In an action to foreclose a mortgage, the defendant Sperry Associates Federal Credit Union appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered January 13, 2014, which denied its motion pursuant to CPLR 5015 (a) (3) to vacate a judgment of foreclosure and sale of the same court dated June 1, 2010, entered upon its failure to answer the complaint, and for leave to serve a late answer.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the appellant's motion pursuant to CPLR 5015 (a) (3) to vacate a judgment of foreclosure and sale entered upon its default in answering. Under the circumstances of this case, the appellant failed to move for relief pursuant to CPLR 5015 (a) (3) within a reasonable time after entry of the judgment (see Fishkin, Pugach & Finkelstein, P.C. v Biggio, 128 AD3d 1006 [2015]; Empire State Conglomerates v Mahbur, 105 AD3d 898 [2013]; Bank of N.Y. v Stradford, 55 AD3d 765 [2008]; Aames Capital Corp. v Davidsohn, 24 AD3d 474 [2005]). In any event, the appellant failed to demonstrate a reasonable excuse for the default, which is required when a CPLR 5015 (a) (3) motion alleges intrinsic fraud, i.e., that the allegations in the complaint are false (see Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915, 916 [2016]; U.S. Bank, N.A. v Peters, 127 AD3d 742, 742-743 [2015]; New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012 [2014]), rather than "extrinsic fraud," which is "a fraud practiced in obtaining a judgment such that a party may have been prevented from fully and fairly litigating the matter" (Shaw v Shaw, 97 AD2d 403, 403 [1983]; see U.S. Bank, N.A. v Peters, 127 AD3d at 742-743; Bank of N.Y. v Lagakos, 27 AD3d 678, 679 [2006]; Tamimi v Tamimi, 38 AD2d 197 [1972]). Contrary to the appellant's contention, it failed to demonstrate some device, trick, or deceit that led it to believe that it need not defend the suit (see Empire State Conglomerates v Mahbur, 105 AD3d 898 [2013]; Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983 [2008]; Putnam County Natl. Bank of Carmel v Simpson, 204 AD2d 297 [1994]; cf. Avenoso v Avenoso, 266 AD2d 326 [1999]; Shaw v Shaw, 97 AD2d at 403). Moreover,

despite the appellant's allegations of improper practices by the plaintiff's agents in unrelated matters, it failed to meet its burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff in this matter that could warrant vacatur of the default judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3) (*see Golden First Bank v Tal*, 136 AD3d 974 [2016]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]).

As the appellant failed to proffer an excuse for failing to answer the complaint, it is unnecessary to consider whether it sufficiently demonstrated the existence of a potentially meritorious defense (*see EMC Mtge. Corp. v Toussaint*, 136 AD3d 861, 862-863 [2016]). Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.