McPhillips v McPhillips (2018 NY Slip Op 06896)





McPhillips v McPhillips


2018 NY Slip Op 06896


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-04795
2017-04736
 (Index No. 5748/89)

[*1]Barbara McPhillips, respondent, 
v
John McPhillips, appellant.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Patricia T. Bisesto, White Plains, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated February 11, 2016, and an order of the same court dated March 16, 2017. The order dated February 11, 2016, denied the defendant's motion for leave to enter his proposed domestic relations order and granted the plaintiff's cross motion for leave to enter her proposed domestic relations order. The order dated March 16, 2017, insofar as appealed from, denied that branch of the defendant's motion which was for leave to renew his prior motion for leave to enter his proposed domestic relations order and his opposition to the plaintiff's prior cross motion for leave to enter her proposed domestic relations order and, in effect, denied that branch of his motion which was, in effect, for leave to enter his proposed modified domestic relations order.
ORDERED that the order dated February 11, 2016, is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion for leave to enter her proposed domestic relations order, and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order dated February 11, 2016, is affirmed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order dated March 16, 2017, as denied that branch of the defendant's motion which was for leave to renew his opposition to the plaintiff's cross motion is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated February 11, 2016; and it is further,
ORDERED that the order dated March 16, 2017, is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the defendant's motion which was, in effect, for leave to enter his proposed modified domestic relations order, and substituting therefor a provision granting that branch of the motion, except to the extent that the plaintiff shall not be required to share in the cost of the defendant's election of a survivor benefit for his second wife; as so modified, the order dated March 16, 2017, is affirmed insofar as reviewed, without costs or disbursements.
In 1989, the plaintiff commenced an action for a divorce and ancillary relief. Thereafter, the parties entered into a stipulation of settlement providing, inter alia, for a "fifty/fifty [*2]division of all of [the defendant's] pension benefits accumulated from the date of this marriage, May 7, 1977, through the date of service of the summons and complaint, January 28, 1989," and that the plaintiff is "to be the recipient of 50 percent of any and all benefits payable to the [defendant] upon his retirement which were accumulated during that period of time." The parties were divorced by amended judgment entered January 4, 1994, which incorporated, but did not merge, the stipulation of settlement.
The defendant retired on July 16, 2010. Thereafter, in 2014, the parties each submitted a proposed domestic relations order (hereinafter DRO). Whereas the plaintiff's proposed DRO calculated her share of the defendant's pension benefits based on "a fraction for which the numerator shall be credited service accrued between May 7, 1977 and January 28, 1989, and the denominator shall be the total number of months of service credit . . . which [the defendant] has at the time of retirement," the defendant's proposed DRO employed a fraction in which "the numerator . . . shall be the total number of months of credited service between the [defendant's] date of initial credited service in the Retirement System, or the date of the parties' marriage, that being May 7, 1977, whichever is later, up to the date of the division of martial assets, that being January 28, 1989, and the denominator shall be the total number of months of credited service which the Participant had in the Retirement System as of the date of the division of marital assets, that being January 28, 1989" (emphasis added). The defendant moved for leave to enter his proposed DRO, and the plaintiff cross-moved for leave to enter her proposed DRO. In an order dated February 11, 2016, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion.
Thereafter, the defendant moved, inter alia, for leave to renew his prior motion and his opposition to the plaintiff's prior cross motion, and, in effect, for leave to enter a proposed modified DRO, which, among other things, added a provision entitling the plaintiff to arrears "equal to the value of one monthly payment" of pension benefits, payable monthly, until the arrears are satisfied in full. In an order dated March 16, 2017, the Supreme Court denied the defendant's motion. The defendant appeals from the order dated February 11, 2016, and the order dated March 16, 2017.
"A stipulation of settlement that has been incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Murphy v Murphy, 120 AD3d 1319, 1320; see Matter of Meccico v Meccico, 76 NY2d 822, 823-824). "A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning" (Murphy v Murphy, 120 AD3d at 1320 [internal quotation marks and citations omitted]). "A domestic relations order entered pursuant to a stipulation of settlement can convey only those rights to which the parties stipulated as a basis for the judgment'" (id. at 1320, quoting McCoy v Feinman, 99 NY2d 295, 304).
Contrary to the plaintiff's contention, the formula set forth in her proposed DRO conflicts with the stipulation of settlement, which provided for a "fifty/fifty division of all pension benefits accumulated from the date of this marriage, May 7, 1977, through the date of service of the summons and complaint, January 28, 1989," and that the plaintiff is "to be the recipient of 50 percent of any and all benefits payable to the [defendant] upon his retirement which were accumulated during that period of time" (emphasis added). The stipulation of settlement made no reference to the formula set forth in Majauskas v Majauskas (61 NY2d 481), nor can such a reference be implied from the unambiguous terms of the stipulation (see Murphy v Murphy, 120 AD3d at 1321). Since the stipulation is controlling, the Supreme Court should not have granted the plaintiff's cross motion for leave to enter her proposed DRO (see Condon v Condon, 46 AD3d 596, 598).
Furthermore, the Supreme Court should have granted that branch of the defendant's motion which was, in effect, for leave to enter his proposed modified DRO. The provision therein entitling the plaintiff to arrears "equal to the value of one monthly payment" of pension benefits, payable monthly, until the arrears are satisfied in full, represents "the best, least complicated method for the defendant's payment of pension arrears" (Kraus v Kraus, 131 AD3d 94, 108).
However, given that the plaintiff's share of the defendant's pension is limited to 50% [*3]of "any and all benefits payable to the defendant upon his retirement which were accumulated" from the date of the marriage, to wit: May 7, 1977, through the date of the service of the summons and complaint, January 28, 1989, the plaintiff shall not be required to share in the cost of the defendant's election of a survivor benefit for his second wife (emphasis added) (cf. Kraus v Kraus, 131 AD3d 94). Here, Kraus is not applicable, as the plaintiff was only entitled to pension benefits payable to the defendant upon retirement that had been accumulated through the date of service of the summons and complaint, and the defendant's election of a survivor benefit for his second wife was taken subsequent to that cut-off date.
The plaintiff's remaining contentions are without merit.
The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court