U.S. Bank, N.A. v Gadson (2020 NY Slip Op 01661)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

U.S. Bank, N.A. v Gadson

2020 NY Slip Op 01661

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-03568
(Index No. 18626/08)

[*1]U.S. Bank, National Association, etc., respondent,
vSandra Gadson, et al., defendants, Michael Knott, defendant-appellant; Dave Knott, nonparty-appellant.

Michael Knott, Springfield Gardens, NY, defendant-appellant pro se, and Dave Knott, Springfield Gardens, NY, nonparty-appellant pro se (one brief filed).
Sandelands Eyet LLP, New York, NY (Laurence P. Chirch and Mindy Kallus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Knott and nonparty Dave Knott appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered December 1, 2016. The order denied the motion of the defendant Michael Knott and nonparty Dave Knott, inter alia, pursuant to CPLR 5015(a)(3) to vacate an order of reference of the same court entered March 4, 2016, and for leave to serve a late answer.
ORDERED that the order entered December 1, 2016, is affirmed, with costs.
In July 2008, the plaintiff commenced this action against the defendant Michael Knott, among others, to foreclose a mortgage on certain property in Rosedale. Michael Knott failed to timely appear or answer the complaint. By order entered March 4, 2016, the Supreme Court granted the plaintiff's unopposed motion for an order of reference. In April 2016, Michael Knott and nonparty Dave Knott (hereinafter together the appellants) moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the order of reference and for leave to serve a late answer. The court denied the appellants' motion, and this appeal ensued.
CPLR 5015(a)(3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." The appellants' contention that the plaintiff obtained the order of reference through the submission of fraudulent documents amounts to an allegation of intrinsic fraud (see U.S. Bank N.A. v Persaud, 175 AD3d 1344, 1345). Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see U.S. Bank N.A. v Persaud, 175 AD3d at 1345-1346).
Here, the appellants failed to offer any excuse for the default of Michael Knott in answering the complaint, or his default in opposing the plaintiff's motion for an order of reference (see Wells Fargo Bank, N.A. v Shatles, 157 AD3d 750, 751). Furthermore, the appellants failed to meet their burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff that would warrant vacatur of the order of reference pursuant to CPLR 5015(a)(3) (see [*2]LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945-946).
Since the appellants failed to establish a reasonable excuse for the default, it is unnecessary to consider whether Michael Knott had a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 863-864).
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court