US Bank N.A. v Cooper (2021 NY Slip Op 08212)





US Bank N.A. v Cooper


2021 NY Slip Op 08212


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-12843
 (Index No. 15248/11)

[*1]US Bank National Association, respondent,
v
David Cooper, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant David Cooper appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 17, 2018. The judgment of foreclosure and sale, upon an order of the same court entered August 29, 2017, inter alia, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denying those branches of the cross motion of the defendant David Cooper which were pursuant to CPLR 5015(a)(1) and (4) to vacate an order of reference of the same court entered October 13, 2015, upon his failure to appear or answer the complaint, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In a note dated April 14, 2010, the defendant David Cooper (hereinafter the defendant) borrowed the sum of $355,216 from First Residential Mortgage Services Corporation (hereinafter First Residential). The loan was secured by a mortgage on property located in Jamaica, New York (hereinafter the subject property).
On June 27, 2011, the plaintiff, First Residential's successor in interest, commenced this action to foreclose the mortgage against the defendant, among others. In an affidavit, a process server stated that he delivered the summons and complaint to a person of suitable age and discretion at the subject property, which was the defendant's residence, on June 29, 2011, and that he mailed a copy of the summons and complaint to the subject property the next day. The process server stated that he left the summons and complaint with Ausar Eugene, a black male who was approximately 18 years old and five feet, seven inches tall, and who weighed approximately 185 pounds. The defendant failed to appear or answer the complaint. In an order entered October 13, 2015, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for an order of reference.
In April 2017, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 5015(a)(1) and (4) to vacate the order entered October 13, 2015. In support of his cross motion, the defendant submitted his own affidavit, in which he stated that, "[w]hile an individual [*2]named 'AUSAR EUGENE' had previously lived at the [subject] [p]roperty with his mother, Mr. Eugene was no longer living with me at the time of the alleged service, specifically on June 29, 2011. Indeed, in June of 2011, I resided at the [subject] [p]roperty by myself." He added: "I have not had contact with Ausar Eugene for many years."
In an order entered August 29, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In a judgment of foreclosure and sale entered April 17, 2018, the court confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's cross motion which was pursuant to CPLR 5015(a)(4) to vacate the order entered October 13, 2015, on the ground of lack of personal jurisdiction. "The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174 [citations omitted]). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service"(HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155 [citation omitted]). Here, the defendant failed to deny that a person matching the physical description of Ausar Eugene was present at his residence and accepted service on his behalf on June 29, 2011. Thus, the defendant failed to rebut the process server's affidavit (see Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967-968).
Since the defendant does not allege a nonjurisdictional reasonable excuse for his default under CPLR 5015(a)(1), we do not address his argument that he had a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986).
Accordingly, we affirm the judgment of foreclosure and sale.
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court