HSBC Bank USA, N.A. v Walker (2022 NY Slip Op 00304)





HSBC Bank USA, N.A. v Walker


2022 NY Slip Op 00304


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-05487
 (Index No. 9362/08)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Conrad Walker, appellant, et al., defendants.
 


Gross Polowy, LLC, Williamsville, NY (Douglas C. Weinert of counsel), for respondent.
IM Law Group, Cedarhurst, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Conrad Walker appeals from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), dated March 22, 2019. The order denied that defendant's motion pursuant to CPLR 5015(a)(2), (3), and (4) to vacate a judgment of foreclosure and sale of the same court (Jeremy S. Weinstein, J.) entered March 14, 2018, and an order of reference of the same court (Diccia T. Pineda-Kirwan, J.) entered August 30, 2016.
ORDERED that the order dated March 22, 2019, is affirmed, with costs.
In 2008, the plaintiff commenced this action against the defendant Conrad Walker (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Queens. The defendant neither answered the complaint or otherwise appeared in the action. In 2016, the plaintiff obtained an order of reference upon the defendant's default. In a judgment of foreclosure and sale entered March 14, 2018, the Supreme Court confirmed the referee's report and directed the sale of the subject premises.
In April 2019, the defendant moved pursuant to CPLR 5015(a)(2), (3), and (4) to vacate the order of reference and judgment of foreclosure and sale. In an order dated March 22, 2019, the Supreme Court denied the defendant's motion. The defendant appeals, and we affirm.
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the order of reference and judgement of foreclosure and sale for lack of personal jurisdiction. The affidavit of the process server constituted prima facie evidence of proper service (see Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040; HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see HSBC Bank USA v Archer, 173 AD3d 984, 985; HSBC Bank USA, N.A. v Whitter, 159 AD3d at 945). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (US Bank N.A. v Cooper, 191 AD3d 1035, 1036 [internal quotation marks omitted]). Here, the defendant failed to [*2]submit sufficient evidence to rebut the process server's affidavit (see US Bank N.A. v Cooper, 191 AD3d at 1036; HSBC Bank USA v Archer, 173 AD3d at 985).
The Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(2). In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish, among other things, that the evidence could not have been discovered earlier through the exercise of due diligence (see US Bank N.A. v Eisler, 188 AD3d 1288, 1290; Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089). Here, the defendant failed to demonstrate that the purportedly newly discovered evidence, consisting of, among other things, a bankruptcy petition filed in 2008 by the plaintiff's predecessor in interest and a settlement agreement from 2011 involving the plaintiff's former attorney, could not have been discovered earlier with the exercise of due diligence (see US Bank N.A. v Eisler, 188 AD3d at 1290; Deutsche Bank Natl. Trust Co. v Morris, 160 AD3d 613, 614).
Moreover, the defendant failed to demonstrate his entitlement to relief pursuant to CPLR 5015(a)(3). Pursuant to CPLR 5015(a)(3), a court may relieve a party from a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party. The defendant's contention that the allegations in the complaint are false amounts to an allegation of intrinsic fraud, which requires the defendant to establish a reasonable excuse for the default and a potentially meritorious defense to the action (see ETrade Bank v Ejenam, 188 AD3d 1004, 1006; Capital One, N.A. v Mc Cormack, 183 AD3d 644, 644; Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 756, 757; LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945). Here, since the defendant failed to present an excuse for his default, it was unnecessary to consider whether he presented a potentially meritorious defense, including lack of standing or failure to comply with any conditions precedent in the mortgage (see Citimortgage, Inc. v Nunez, 198 AD3d 865; ETrade Bank v Ejenam, 188 AD3d at 1006; see also Bank of Am., N.A. v Teodorescu, 187 AD3d 831, 832). To the extent that the defendant alleges extrinsic fraud, he failed to demonstrate some device, trick, or deceit that led him to believe that he need not defend this action (see LaSalle Bank N.A. v Oberstein, 146 AD3d at 945; Golden First Bank v Tal, 136 AD3d 974, 975). Moreover, despite the defendant's allegations of improper practices by the plaintiff's agents in unrelated matters, he failed to meet his burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff in this action (see LaSalle Bank N.A. v Oberstein, 146 AD3d at 945; Golden First Bank v Tal, 136 AD3d at 975).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court