**Shapiro v Trihop 14th St. LLC**

2024 NY Slip Op 33590(U)

October 9, 2024

Supreme Court, New York County

Docket Number: Index No. 158759/2023

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                PART                47

*Justice*

-------------------------------------------------------------------------------X

ANGEL SHAPIRO,

Plaintiff,

- v -

TRIHOP 14TH STREET LLC, EDWARD SCANNAPIECO

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158759/2023 |
| MOTION DATE | 07/03/2024, 07/12/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for                    DISMISS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 19, 20, 21, 22, 23, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62

were read on this motion to/for                    LEAVE TO FILE                    .

Upon the foregoing documents, it is

In this unpaid wages Labor Law action defendants move pre-answer (MS #1) pursuant to

CPLR § 3211 to dismiss on several grounds. They argue that the court lacks personal jurisdiction

because plaintiff failed to properly serve the complaint; that collateral estoppel bars the claims,

that plaintiff has failed to state a cause of action; and that documentary evidence warrants

dismissal. Plaintiff opposes and moves separately (MS #2) requesting, that in the event that the

court determines service was not properly made, and permission pursuant to CPLR § 306-b to re-

serve the complaint on defendants.

*Improper Service*

Defendants argue that plaintiff has failed to properly effectuate service of process within

120 days of the commencement of the action pursuant to CPLR § 306-b. Plaintiff argues that

following the dismissal of a related case in U.S. Southern District of New York, his counsel

**158759/2023  SHAPIRO, ANGEL vs. TRIHOP 14TH STREET LLC ET AL**                    Page 1 of 7
**Motion No.  001 002**

1 of 7

[* 1]

emailed service to defendants' counsel of record two days after commencing the instant action. Plaintiff's counsel then emailed defendants' counsel of record again a few days later. Both emails contained a copy of the Summons and Complaint (NYSCEF Doc No 22 – 23). Plaintiff also served the Summons and Complaint on the Secretary of State pursuant to N.Y. Bus. Corp. Law § 306, and via personal service pursuant to CPLR § 308(1), although these attempted services occurred after the 120 days.

"The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process" (*US Bank N.A. v Cooper*, 191 AD3d 1035 [2d Dept 2021]). CPLR § 306-b states "Service of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause shall be made within one hundred twenty days after the commencement of the action or proceeding." While CPLR § 308(5) may allow for service via e-mail, it requires that the party seeking to serve the complaint via e-mail make a motion and be granted permission from the court (*see Rae v Marciano*, 227 AD3d 738 [2d Dept 2024] [dismissing action because plaintiff did not receive consent to serve complaint via e-mail and did not seek permission from the court]).

Here, like in *Rae* plaintiff did not receive consent from defendants for service via e-mail nor did he make an application to the court to serve via e-mail pursuant to CPLR § 308(5). Further, while he did use a proper method to serve defendants via service upon the Secretary of State pursuant to N.Y. Bus. Corp. Law § 306, and via personal service pursuant to CPLR § 308(1), he did not effectuate this service within 120 days of commencement of the action. Therefore, plaintiff has failed to properly serve defendant and the court lacks personal jurisdiction to hear this action.

158759/2023   SHAPIRO, ANGEL vs. TRIHOP 14TH STREET LLC ET AL          Page 2 of 7
Motion No.  001 002

2 of 7

However, CPLR § 306-b further provides "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall …, or upon good cause shown or in the interest of justice, extend the time for service." [U]nder the interest of justice standard, a showing of reasonable diligence in attempting to effect service is not a 'gatekeeper', [rather, i]t is simply one of many relevant factors to be considered by the court (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]).

Here, defendants were aware that the plaintiff was likely going to initiate bring a state action since the Southern District dismissed the federal claims but also stated "[w]hether [plaintff's] allegations state a claim under New York law is a question for the state courts, as there is no basis for this Court to exercise supplemental jurisdiction over his state law claims" (NYSCEF Doc No 9). Further, plaintiff's counsel e-mailed defendants' counsel of record twice immediately following the commencement of this action. Further, the complaint in this action is nearly identical to the complaint already served on defendants in the Southern District action, without of course the causes of action arising from federal law, so defendants would not be prejudiced by allowing additional time for proper service (NYSCEF Doc Nos 7 – 8).

Accordingly, plaintiff's motion to extend the deadline is granted and plaintiff will serve the complaint on defendants within 21 days of this order unless the parties stipulate to accept the deficiently served complaint.

*Collateral Estoppel / Res Judicata*

Defendants argue that because the Southern District dismissed the federal minimum wage violation claims, finding that because plaintiff "concedes that, even accounting for the allegedly shaved time, he made more than the federal minimum wage of $7.25" the claims had to be dismissed because "under the FLSA an employee cannot state a claim for a minimum wage

**158759/2023   SHAPIRO, ANGEL vs. TRIHOP 14TH STREET LLC ET AL**
**Motion No.  001 002**

Page 3 of 7

3 of 7

violation unless [his] average hourly wage falls below the minimum wage" (NYSCEF Doc No 9).

"Contrary to defendants' assertion, since the order issued by the District Court did not make any determination on the merits as to the state law claims, it has no res judicata effect on this action" (*Gomez v Brill Sec., Inc.*, 95 AD3d 32, 35 [1st Dept 2012]). Nor does it have any collateral estoppel effect as the determination made by the federal court was in reference to the federal minimum wage of $7.25 and not the New York state minimum wage of $15.00. "The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action" (*JBGR, LLC v Chicago Tit. Ins. Co.*, 128 AD3d 900, 902 [2d Dept 2015]). The determination that the FLSA action could not be maintained is not determinative of the issues under New York State law. Therefore, plaintiff is not barred from bringing the instant action.

*Failure to State a Cause of Action*

Defendants contend that plaintiff has failed to state a cause of action arguing that plaintiff admits to being paid $15.00 per hour for approximately 30 hours per week, which would be the state minimum wage and thus not a violation of New York Labor Law.

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, we are not authorized to assess the merits of the complaint or any of its factual allegations" (*id.* at 86 [internal quotations omitted]). Further "[i]n assessing a motion under

**158759/2023   SHAPIRO, ANGEL vs. TRIHOP 14TH STREET LLC ET AL**
**Motion No.  001 002**

**Page 4 of 7**

4 of 7

[* 4]

CPLR 3211(a)(7), ... the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (*Eccles v Shamrock Capital Advisors, LLC*, 2024 NY Slip Op 02841 [Ct App May 23, 2024] [internal quotations omitted]).

Here, accepting the facts in the complaint as true and granting "plaintiff the benefit of every reasonable inference, and determ[ing] only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh*, 226 AD3d at 85-86) as the court must on a motion to dismiss pursuant to CPLR § 3211(a)(7), plaintiff has stated a cause of action. Plaintiff alleges that he was forced to clock out before he finished working and since he was only being paid $15.00 hour for his clocked in hours, accounting for the extra time he was working when not clocked in he alleges he was being paid below minimum wage. Therefore, the complaint will not be dismissed based on a failure to state a cause of action.

Further, as for defendants' argument that plaintiff has failed to properly plead that defendant, Trihop 14th Street, and individual defendant, Edward Scannapieco, are joint employers of plaintiff, defendants argument is unavailing. Plaintiff has pled that "The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant" (NYSCEF Doc No 1 ¶ 24). Plaintiff further alleges as to the individual defendant's role as an owner stating that he determined wages; was an officer of the Trihop, and that he hires and fires employess and maintains the records for the corporate entity. While plaintiff certainly must make a higher showing of proof at later stages of litigation (*see Carter v. Dutchess Community College,* 735 F2d 8, 12 [2d Cir 1984]), at this pre-answer stage, plaintiff has stated a claim as against both defendants.

**158759/2023   SHAPIRO, ANGEL vs. TRIHOP 14TH STREET LLC ET AL**                    **Page 5 of 7**
  **Motion No.  001 002**

[* 5]                                         5 of 7

*Documentary Evidence*

Defendants argue that documentary evidence warrants dismissal of this case. Plaintiffs argue that the evidence submitted by defendants does not qualify as documentary evidence.

"Under CPLR 3211(a)(1), dismissal may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Seaman v Schulte Roth & Zabel LLP*, 176 AD3d 538, 538-39 [1st Dept 2019]). "To constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (*Phillips v Taco Bell Corp.*, 152 AD3d 806, 807 [2d Dept 2017]). "Conversely, letters, emails, and, … affidavits, do not meet the requirements for documentary evidence" (*id.*).

Defendants submit plaintiff's wage statements which purport to show that plaintiff earned above the minimum wage, and that plaintiff received the wage statements which he alleges he did not. These statements are not the type of evidence which should be considered on a motion to dismiss based on documentary evidence as the contents of them are not *essentially undeniable* as is required for dismissal based on CPLR § 3211(a)(1). Accordingly, the motion to dismiss will be denied.

Based on the foregoing, it is,

ORDERED that defendants' (MS #1) motion to dismiss is denied; and it is further

ORDERED that plaintiff's (MS #2) motion to extend the deadline to serve the complaint is granted and plaintiff will serve the complaint on defendants within 21 days of this order unless the parties stipulate to accept complaint (NYSCEF Doc No 1) as served; and it is further

**158759/2023   SHAPIRO, ANGEL vs. TRIHOP 14TH STREET LLC ET AL**
**Motion No.  001 002**

**Page 6 of 7**

ORDERED that defendants are directed to serve an answer to the complaint within 21 days after service of the complaint.

20241009145004PG0ETZ1B5F3889807734D5A6415B8A413F76C7E

| 10/9/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

158759/2023   SHAPIRO, ANGEL vs. TRIHOP 14TH STREET LLC ET AL
Motion No.  001 002

Page 7 of 7

[* 7]