D.S. v M.S. (2024 NY Slip Op 51632(U))

[*1]

D.S. v M.S.

2024 NY Slip Op 51632(U)

Decided on November 30, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 30, 2024
Supreme Court, Westchester County

D.S., Plaintiff,

against
M.S., Defendant.

Index No. XXXXX

Defendant, as a self-represented litigant.

James L. Hyer, J.

The following 3 documents were considered in connection with the Order to Show Cause of Defendant, dated October 29, 2024, (hereinafter "Motion"), seeking the entry of an Order granting the following relief:
1. Restoring this action to the matrimonial calendar due to Plaintiff having fraudulently obtained a judgment of divorce, and;
2. Granting Defendant such other and further relief as may be just, proper and equitable.
PAPERS               
DOC. #
Order to Show Cause/Affirmation in Support
Exhibit 1-3

 RELEVANT BACKGROUND, PROCEDURAL HISTORY & LEGAL ANALYSIS
On June 14, 2022, this matrimonial action was commenced with Plaintiff filing a Summons, Complaint, Notice of Entry of Automatic Orders, Notice Concerning the Continuation of Health Care Coverage and Notice of Guideline Maintenance For Uncontested Divorces (hereinafter "Complaint"). The Complaint asserted the alleged irretrievable breakdown of the parties marriage pursuant to New York State Domestic Relations Law (hereinafter "DRL") as the sole basis for the dissolution of the parties' marriage requesting the entry of a judgment of divorce and noted that "the parties waive distribution of marital property."
On January 10, 2023, Plaintiff filed: (1) a Uncontested Matrimonial Request for Judicial Intervention asserting that the summons was filed on June 14, 2022; and served on June 21, 2022; (2) Note of Issue — Uncontested Divorce; (3) proposed Findings of Fact and Conclusions of Law (hereinafter "Proposed Findings of Fact and Conclusions of Law"); and (4) proposed Judgment of Divorce (hereinafter "Proposed Judgement of Divorce").
The Proposed Findings of Fact and Conclusions of Law included the following:
"FINDINGS OF FACT
FIFTH: That this action was commenced by filing the Summons and Verified Complaint with the County Clerk on March 29, 2017. Defendant was served personally with the above stated pleading and the Notice of Automatic Orders. Defendant appeared and waived her right to answer.
* * *
SIXTH: That Defendant is not in the military service of the United States of America, the State of New York, or any other state and has appeared by affidavit and does not oppose the action.
* * *
TENTH: The Court has informed the unrepresented party or parties of the maintenance guideline obligation pursuant to DRL § 236(B)(6) enacted by the Laws of 2015, ch. 269; S. 5658A 1636-b (the "Maintenance Guideline Laws"). No maintenance was awarded. Neither party seeks maintenance.
* * *
TWELFTH: Equitable distribution is not an issue.
* * *
SEVENTEENTH: Compliance with DRL § 255(1) and (2) has been satisfied as follows: There is no Settlement Agreement. Each party has been provided notice as required by DRL § 255(1).
* * *
EIGHTEENTH: All ancillary issues, including the payment of counsel and experts' fees and expenses are not to be incorporated, in that neither party to the divorce has contested any such issues based on the Affidavit of Plaintiff which Defendant has not contested as stated in the Affidavit of Defendant."
The Proposed Judgment of Divorce included the following provisions:
"The Defendant was served personally within the State of New York.
* * *
The Defendant appeared and has waived the right to answer."
On May 9, 2023, Plaintiff filed the following documents: (1) Part 130 Certification; (2) Affidavit of Plaintiff; (3) Affidavit of Defendant (hereinafter "Defendant's Affidavit"). Defendant's Affidavit includes the following provisions:
"M. S., being duly sworn, says:
2. On 06/21/2022 I admit service of the Summons and Verified Complaint for divorce based on irretrievable breakdown in the relationship for at least six months DRL § 170(7). I also admit service of the Notice of Automatic Orders, the Notice Concerning Continuation of Health Care Coverage, and the Notice of Guideline Maintenance.
3. I appear in this action, however, I do not intend to respond to the summons or answer the complaint, and I waive the twenty (20) or thirty (30) day period provided by law to respond to the summons or answer the complaint. I waive the forty (40) day waiting period to place this matter on the calendar, and I hereby consent to this action being placed on the divorce calendar immediately.
* * *
5. I waive the service of all further papers in this action except for a copy of the final Judgment of Divorce.
6. I am not seeking equitable distribution. I understand that I may be prevented from further asserting my right to equitable distribution.
7. I am not seeking maintenance as payee as described in the Notice of Guideline Maintenance.
8. I waive any and all right I have, or may have, in and to a distributive award, or an award of equitable distribution, with respect to any retirement benefits or plans of the Plaintiff.
* * *
11. All economic issues of equitable distribution or marital property, the payment or waive of spousal support, and the payment of counsel and experts' fees and expenses have been resolved and are not to be incorporated into he Judgement of Divorce since neither party to the divorce has contested any such issues.
12. I acknowledge receipt of the Notice of Guideline Maintenance from the Court pursuant to DRL 236B(6), Chapter 269 of the Laws of 2015 which was served with the Summons.
13. I have been provided a copy of the Notice Concerning Continuation of Health Care Coverage. I fully understand that once the divorce judgment is entered, I may no longer be allowed to receive health coverage under my former spouse's health insurance plan. I may be entitled to purchase health insurance on my own through a COBRA option, if available, otherwise I may be required to secure my own health insurance."
On May 6, 2023, a Findings of Fact and Conclusions of Law was entered with the same provisions set forth in the Proposed Findings of Fact and Conclusions of Law (hereinafter "Findings of Fact and Conclusions of Law"); and a Judgment of Divorce was entered with the same provisions set forth in the Proposed Judgment of Divorce (hereinafter "Judgment of Divorce). The Judgment of Divorce directed that it was, "Ordered and adjudged that Defendant shall be served with a copy of this judgment, with notice of entry, by the Plaintiff within 20 days of such entry."
On October 29, 2024, Defendant filed the instant Motion seeking the above-referenced relief and in support of her application submitted an Affidavit in Support asserting that this action be restored to the Court calendar due to Plaintiff having fraudulently obtained the entry of the Judgment of Divorce. Defendant asserted:
"I did not know a judgment of divorce had been obtained. At the end of June 2024 D. S. informed me that he had obtained a divorce from me. I went to the County Clerk in the courthouse and I was told only the summons and judgment were on file. There is no proof of service in the file and no affidavit from me."
Upon the filing of the Motion, the undersigned was assigned to this action. On October 28, 2024, the Motion was conformed directing: (1) the return date of the Motion to be November 15, 2024, at 11:00 a.m., wherein all parties and counsel were to appear in person, at which time a briefing schedule would be set if needed; and (2) Defendant was required to serve Plaintiff with the Motion by November 1, 2024.
On November 4, 2024, Defendant filed proof of service of the Motion on Plaintiff pursuant to the Court's directives.
On November 15, 2024, the Court called this case and an appearance was made by Defendant as a self-represented litigant and no appearance was made by Plaintiff, nor did Plaintiff request an adjournment. Accordingly, the Court proceeded in the absence of Plaintiff. [*2]The Court advised Defendant of her right to be represented by counsel and she advised the Court of her desire to proceed as a self-represented litigant, at which time the Court provided Defendant with two documents which were filed as Court Exhibits: (1) Court Exhibit #1 — Self-Represented Litigant Information Sheet; and (2) Part Rules of the Hon. James L. Hyer, J.S.C. After having been placed under oath, Defendant testified that she was unaware this action had been commenced, did not sign Defendant's Affidavit, and was not served with the Judgment of Divorce.

Legal Analysis
1. Witness Credibility.
Generally, the decision of a fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence (Shahid v Morataya, 31 Misc 3d 151(A) [2d Dept 2011]; citing Claridge Gardens v Menotti, 160 AD2d 544 [1st Dept 1990]). Furthermore, the determination of the trier of fact as to issues of credibility is given substantial deference, as the trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess the credibility of the witnesses (see Vizzari v State of New York, 184 AD2d 564 [2d Dept 1992]; Kincade v Kincade, 178 AD2d 510, 511 [2d Dept 1991]).
Here, Defendant testified credibly. She furnished information to the Court in a forthright manner and was not evasive. Defendant displayed an even temperament and appeared to be sincere.
2. Application to Restore Action.
Pursuant to New York State Civil Practice Law and Rules (hereinafter "CPLR") § 5015(a)(3), relief from a prior judgment or order may be obtained by motion on the ground of, " . . . 3. Fraud, misrepresentation, or other misconduct by an adverse party . . . " Such motions must be made within a reasonable time (Empire State Conglomerates v. Mahbur, 105 AD3d 898 [2d Dept 2013]).
In the application of CPLR § 5015(a)(3), the Courts have drawn a distinction between intrinsic fraud and extrinsic fraud as a movant has different burdens of proof to prevail on each as a basis:
"Intrinsic fraud regards circumstances where the plaintiff's underlying allegations are alleged to be fraudulent or false. A judgment based on a fraudulent instrument, perjured testimony, or any other item presented to and acted on by the court, whatever its fraudulent component, is intrinsic fraud and hence subject to vacatur by direct attack (Crouse v McVickar, 207 NY 213, 100 N.E. 697 [1912]). Where that is the case, the defendant moving to vacate a default must meet the standard two-pronged test for vacating defaults generallya reasonable excuse for the default and a potentially meritorious defense to the cause or causes of action (McCue v Trifera, LLC, 173 AD3d 1416, 104 N.Y.S.3d 351 [3rd Dep't. 2019] [signed opinion by Mulvey, J.); Bank of New York Mellon Trust Company, N.A. v Ross, 170 AD3d 931, 94 N.Y.S.3d 862 [2nd Dep't. 2019]; U.S. Bank, National Association v Robinson, 168 AD3d 1120, 93 N.Y.S.3d 87 [*3][2nd Dep't. 2019]).
By contrast, extrinsic fraud is fraud committed by the plaintiff in obtaining the judgment, such as through some device, trick, or deceit that led the defendant into believing that it need not defend the suit (LaSalle Bank, N.A. v Oberstein, 146 AD3d 945, 45 N.Y.S.3d 538 [2nd Dep't. 2017]). A motion to vacate a default judgment on account of extrinsic fraud must address the device, trick, or deceit, as well as the manner in which the fraudulent conduct prevented the defendant from fully and fairly litigating the matter (U.S. Bank, N.A. v Peters, 127 AD3d 742, 9 N.Y.S.3d 58 [2nd Dep't. 2015]). While a deliberate failure by a plaintiff to properly serve process might be considered a device, trick or deceit for obtaining an improper default judgment, the legislature set aside a distinct subparagraph of CPLR 5015 for vacating defaults based upon the alleged improper service of process (CPLR 5015[a][4]), perhaps recognizing that improper service can be a product of either nefarious intent or, more typically, negligent or good faith error on the part of a process server. In any event, where extrinsic fraud is argued as the basis for vacating a default, the existence of a potentially meritorious defense is irrelevant, just as is when the basis for vacatur is improper service of process (Shaw v Shaw, 97 AD2d 403, 467 N.Y.S.2d 231 [2nd Dep't. 1983])."
(NY CPLR Rule 515; 2023 Practice Commentaries; C5015:8; see also, LaSalle Bank Nat. Ass'n v. Oberstein, 146 AD3d 945 [2d Dept 2017])
In upholding the vacation of a judgment of divorce on the ground that it was fraudulently procured, the Appellate Division Second Department noted, "A defendant seeking to vacate a judgment of divorce has the burden of establishing, by admissible evidence, the existence of fraud, misrepresentation, or other misconduct on the plaintiff's part sufficient to entitle him or her to vacatur" (Thakur v. Thakur, 49 AD3d 861 [2d Dept 2008] [internal citations omitted]). A fact finding hearing may be conducted if the papers alone do not support a finding of fraud (Petrosino v. Petrosino, 171 AD3d 960 [2d Dept. 2019]).
Here, Plaintiff was served with the Motion but failed to file any answering submissions requiring the Court to deem all factual allegations set forth by Defendant in the Motion admitted (In re Leah, 275 AD2d 8 [2d Dept 2000]; Cole v. State, 64 AD2d 304 [4th Dept. 1978]). Moreover, on the return date both parties were afforded the opportunity to be heard and while Plaintiff failed to appear, Defendant provided sworn testimony that the Court deemed credible. Defendant testified that she was unaware of this action having been commenced or the Judgment of Divorce being entered and when she became aware she filed the instant Motion.
Based upon the foregoing, the Court determines that the relief requested in the Motion is must be granted to the extent that this matter shall be placed upon the Court's divorce calendar. To effectuate this determination the Findings of Fact and Conclusions of Law shall be vacated; Judgment of Divorce shall be vacated; and the Westchester County Clerk shall be directed to mark as revoked or otherwise invalidate any previously entered Certificate of Dissolution pertaining to the parties' marriage.
3. Additional Relief.
Any relief specifically not granted or otherwise addressed herein is denied
ACCORDINGLY, IT IS HEREBY:
ORDERED that Defendant's Motion is hereby granted to the extent that: (1) the Judgement of Divorce is hereby vacated; (2) the Findings of Fact and Conclusions of Law are hereby vacated; (3) the Westchester County Clerk is directed to mark as revoked or otherwise invalidate any entered Certificate of Dissolution of the parties' marriage; and (4) this matter is restored to the Court's divorce calendar with a 
Preliminary Conference to be held on December 23, 2024, at 11:00 a.m., wherein all parties and counsel are required to appear in person; and it is hereby
ORDERED that Defendant shall service, by personal service, a copy of this Decision and Order with Notice of Entry on Defendant by December 15, 2024, and by that date shall file proof of service with the Court.
The foregoing constitutes the Decision and Order of the Court. 
Dated: White Plains, New York
November 30, 2024
ENTER:
HON. JAMES L. HYER, J.S.C.