■ RODERICK BORRIE, Appellant, v COUNTY OF SUFFOLK, Respondent, and TOWN OF BROOKHAVEN, Appellant, et al., Defendant. [931 NYS2d 510]—

In opposition to the plaintiff's cross motion for leave to enter a judgment against the defendant County of Suffolk upon its default in answering or appearing, the County was required to

demonstrate a reasonable excuse for its default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Kouzios v Dery*, 57 AD3d 949 [2008]; *Giovanelli v Rivera*, 23 AD3d 616 [2005]; *Mjahdi v Maguire*, 21 AD3d 1067, 1068 [2005]; *see also Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]). The County failed to proffer a reasonable excuse for its default in answering or for its four-month delay in making an untimely motion pursuant to CPLR 3211 (a) (7) (*see* CPLR 320 [a]; 3211 [e]; *Bennett v Hucke*, 64 AD3d 529, 530 [2009]). On its motion for leave to renew, the County did not offer a reasonable justification for its failure to present the alleged new facts on the prior cross motion (*see* CPLR 2221 [d]). Furthermore, the new facts presented by the County failed to demonstrate a reasonable excuse for the default in answering the complaint or appearing in the action (*see White v Daimler Chrysler Corp.*, 44 AD3d 651, 652 [2007]; *Everything Yogurt v Toscano*, 232 AD2d 604, 606 [1996]; *P & K Marble v Pearce*, 168 AD2d 439 [1990]).

Accordingly, that branch of the County's motion which was for leave to renew its opposition to the plaintiff's cross motion for leave to enter a default judgment against it should have been denied. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.