■ WALL STREET MORTGAGE BANKERS, LTD., Respondent, v CHARLES RODGERS, Appellant, et al., Defendants. [49 NYS3d 753]—

In an action to foreclose a mortgage, the defendant Charles Rodgers appeals from an order of the Supreme Court, Kings County (Ash, J.), dated August 6, 2014, which denied his motion, in effect, pursuant to CPLR 5015 (a) (2) to vacate an order of the same court dated July 24, 2012, based on newly discovered evidence.

Ordered that the order dated August 6, 2014, is affirmed, with costs.

The defendant Charles Rodgers (hereinafter the defendant) executed a note in favor of the plaintiff in the sum of $360,000, which was secured by a mortgage on residential property located in Brooklyn. In December 2008, the plaintiff commenced this action to foreclose the mortgage. The defendant failed to timely answer the complaint, but the Supreme Court thereafter granted his motion for leave to serve a late answer. The defendant then served an answer in which he raised the defense of lack of standing. In May 2012, the plaintiff moved,

inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion on the ground that the plaintiff lacked standing. By order dated July 24, 2012, the court granted the plaintiff's motion.

Subsequently, in May 2013, the defendant moved, in effect, pursuant to CPLR 5015 (a) (2) to vacate the order dated July 24, 2012, on the ground that newly discovered evidence purportedly showed that the plaintiff transferred the note prior to commencing the instant action and, thus, lacked standing. In the order appealed from, the Supreme Court denied the defendant's motion.

Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment (*see Matter of Monasterska v Burns*, 121 AD3d 902, 903 [2014]; *Matter of Ayodele Ademoli J.*, 57 AD3d 668, 669 [2008]; *Pezenik v Milano*, 137 AD2d 748 [1988]). In order to succeed on a motion pursuant to CPLR 5015 (a) (2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish that the evidence could not have been discovered earlier through the exercise of due diligence (*see Ferdico v Zweig*, 82 AD3d 1151, 1152 [2011]; *Sieger v Sieger*, 51 AD3d 1004 [2008]; *Matter of State Farm Ins. Co. v Colangelo*, 44 AD3d 868 [2007]) and that the newly discovered evidence would probably have produced a different result (*see IMC Mtge. Co. v Vetere*, 142 AD3d 954, 955 [2016]; *Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326, 327 [2004]).

Here, the defendant failed to explain why the documents he offered on his motion could not have been produced at the time of the plaintiff's motion (*see Stipo v Carpenito*, 92 AD3d 864, 865 [2012]; *Ferdico v Zweig*, 82 AD3d at 1152). In any event, the purportedly newly discovered evidence would not have produced a different result on the plaintiff's motion (*see Stipo v Carpenito*, 92 AD3d at 865).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion, in effect, pursuant to CPLR 5015 (a) (2) to vacate the order dated July 24, 2012. Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.