Deutsche Bank Natl. Trust Co. v Morris (2018 NY Slip Op 02313)





Deutsche Bank Natl. Trust Co. v Morris


2018 NY Slip Op 02313


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-04338
 (Index No. 11316/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v Leartis Morris, Jr., appellant, et al., defendant.


Leartis Morris, Jr., Ossining, NY, appellant pro se.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (David V. Mignardi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Leartis Morris, Jr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated March 2, 2015, as denied that branch of his motion which was pursuant to CPLR 5015(a)(2) to vacate a judgment of foreclosure and sale entered by the same court on February 18, 2014, based on newly discovered evidence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 27, 2010, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Leartis Morris, Jr. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint. Morris, who appeared pro se, opposed that branch of the plaintiff's motion on the grounds that the plaintiff lacked standing to commence the action and that the Supreme Court lacked subject matter jurisdiction. The court granted the plaintiff's motion. Subsequently, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. Morris opposed that branch of the plaintiff's motion on the same grounds—that the plaintiff lacked standing to commence the action and that the court lacked subject matter jurisdiction. The court granted the plaintiff's motion, and a judgment of foreclosure and sale was entered on February 18, 2014.
Thereafter, on September 12, 2014, Morris moved, inter alia, to vacate the judgment of foreclosure and sale, reiterating the same arguments, i.e., that the plaintiff lacked standing to commence the action and that the Supreme Court lacked subject matter jurisdiction. On December 1, 2014, the day before the court issued an order denying Morris's motion to vacate the judgment of foreclosure and sale, Morris submitted an "amended motion," inter alia, pursuant to CPLR 5015(a)(2) to vacate the judgment of foreclosure and sale based on newly discovered evidence, arguing again that the plaintiff lacked standing and that the court lacked subject matter jurisdiction. The court, among other things, denied that branch of the amended motion. Morris appeals.
Morris failed to demonstrate his entitlement to relief pursuant to CPLR 5015(a)(2) [*2]based upon newly discovered evidence. The purportedly newly discovered evidence was not newly discovered, as it had been proffered with Morris's prior motion to vacate the judgment of foreclosure and sale. Moreover, Morris failed to establish that this purportedly newly discovered evidence could not have been discovered earlier, prior to the entry of the judgment of foreclosure and sale, through the exercise of due diligence (see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089; Sieger v Sieger, 51 AD3d 1004, 1005; Matter of State Farm Ins. Co. v Colangelo, 44 AD3d 868).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court