M&T Bank v Crespo (2020 NY Slip Op 01608)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

M&T Bank v Crespo

2020 NY Slip Op 01608

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-00322
2018-00323
(Index No. 15155/12)

[*1]M & T Bank, respondent, 
vJuan Crespo, et al., defendants, Diana J. DeCrespo, appellant. Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.

Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith Abramson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diana J. DeCrespo appeals from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 11, 2017, and (2) a judgment of foreclosure and sale of the same court entered September 20, 2017. The order granted the plaintiff's motion for a judgment of foreclosure and sale, and denied the cross motion of the defendant Diana J. DeCrespo, in effect, pursuant to CPLR 5015(a)(2) and (3) to vacate two orders of the same court both dated December 22, 2015, inter alia, granting those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against the defendant Diana J. DeCrespo and to appoint a referee to compute the amount due to the plaintiff. The judgment of foreclosure and sale, upon the order dated September 11, 2017, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In November 2005, the defendants Juan Crespo and Diana J. DeCrespo borrowed the sum of $66,491.36 from M & T Mortgage Corporation. The loan was consolidated with a prior loan, as evidenced by a consolidated note in the principal sum of $230,000, and a consolidation, extension, and modification agreement, both in favor of M & T Mortgage Corporation. The consolidated mortgage was later assigned to the plaintiff.
In May 2012, the plaintiff commenced this action against DeCrespo (hereinafter the defendant), among others, to foreclose the consolidated mortgage. The defendant interposed an answer asserting various affirmative defenses, including lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the [*2]defendant's answer, and for an order of reference. By order dated December 22, 2015, the Supreme Court granted the unopposed motion and, on the same day, issued an order of reference appointing a referee to compute the amount due to the plaintiff (hereinafter together the 2015 orders). Thereafter, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, in effect, pursuant to CPLR 5015(a)(2) and (3) to vacate the 2015 orders. By order dated September 11, 2017, the court granted the plaintiff's motion and denied the defendant's cross motion. In a judgment of foreclosure and sale entered September 20, 2017, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
"CPLR 5015(a) authorizes a court to relieve a party from an order or judgment, on motion, based on the existence of specified grounds[, including]: . . . newly discovered evidence (see CPLR 5015[a][2]); [and] fraud, misrepresentation, or other misconduct of an adverse party (see CPLR 5015[a][3])" (Bank of N.Y. Mellon Trust Co., N.A. v Thonfeld, 172 AD3d 665, 666). "A party seeking to vacate a judgment pursuant to CPLR 5015(a)(2) must establish, inter alia, that the newly discovered evidence probably would have produced a different result" (OneWest Bank, FSB v Galloway, 148 AD3d 818, 819; see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089; Meltzer v Meltzer, 140 AD3d 716, 717).
Here, we agree with the Supreme Court's determination granting the plaintiff's motion for a judgment of foreclosure and sale and denying the defendant's cross motion. The defendant failed to demonstrate that the newly discovered evidence probably would have produced a different result (see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089; OneWest Bank, FSB v Galloway, 148 AD3d at 819; Meltzer v Meltzer, 140 AD3d at 717). Further, the defendant failed to establish that the plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the judgment pursuant to CPLR 5015(a)(3) (see Deutsche Bank Natl. Trust Co. v Conway, 169 AD3d 641, 642; Kondaur Capital Corp. v Stewart, 166 AD3d 748, 750; Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 751).
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court