US Bank N.A. v Eisler (2020 NY Slip Op 07119)





US Bank N.A. v Eisler


2020 NY Slip Op 07119


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-01437
 (Index No. 101398/06)

[*1]US Bank National Association, etc., respondent,
v
Doreen Eisler, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Gross Polowy LLC (Reed Smith, LLP, New York, NY [Andrew B. Messite and Joseph S. Jacobs], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Doreen Eisler appeals from a judgment of foreclosure and sale of the Supreme Court, Richmond County (Kim Dollard, J.), dated September 15, 2017. The judgment of foreclosure and sale, upon an order of the same court dated November 13, 2014, inter alia, granting the plaintiff's motion, among other things, for an order of reference, and upon an order of the same court dated January 26, 2017, granting the plaintiff's motion for a judgment of foreclosure and sale and denying the cross motion of the defendant Doreen Eisler, inter alia, in effect, pursuant to CPLR 5015(a)(2) and (3) to vacate the order of reference and to dismiss the complaint insofar as asserted against her on the ground that the plaintiff perpetrated a fraud on the court, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The plaintiff's predecessor in interest, Olympus Servicing, L.P. (hereinafter Olympus), commenced this action to foreclose a mortgage against, among others, the defendant mortgagor, Doreen Eisler (hereinafter the defendant). The defendant defaulted in answering the complaint or otherwise appearing in the action. In June 2014, Olympus moved, inter alia, for an order of reference. In an order dated November 13, 2014, the Supreme Court, among other things, granted Olympus's motion. Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, in effect, pursuant to CPLR 5015(a)(2) to vacate the order of reference on the ground of newly discovered evidence purportedly demonstrating that Olympus lacked standing to commence the action and pursuant to CPLR 5015(a)(3) to vacate the order of reference on the ground of fraud. In an order dated January 26, 2017, the court granted the plaintiff's motion for a judgment of foreclosure and sale, and denied the defendant's cross motion. A judgment of foreclosure and sale dated September 5, 2017, was entered, directing the sale of the subject property. The defendant appeals.
"To successfully oppose a facially adequate motion for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action" (US Bank N.A. v Ashraf, 171 AD3d 983, 983). Here, in opposition to the plaintiff's motion, inter alia, for an order of reference, the defendant argued that the plaintiff failed to establish Olympus' standing at the time it commenced [*2]the action. Although the defendant did not waive the defense of lack of standing (see RPAPL 1302-a; GMAC Mortgage, LLC v Coombs, ___ AD3d ___ [decided herewith]; Wells Fargo Bank, N.A. v Nesci, 186 AD3d 1584, 1586), the defendant failed to set forth a reasonable excuse for her default, and thus, we agree with the Supreme Court's determination to grant the plaintiff's motion for an order of reference (see HSBC Bank USA, N.A. v Masters, 176 AD3d 926, 927-928; US Bank N.A. v Ashraf, 171 AD3d at 984; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027). Similarly, that branch of the defendant's cross motion which was, in effect, to vacate the order of reference on the ground of intrinsic fraud pursuant to CPLR 5015(a)(3) was appropriately denied, as the defendant failed to establish a reasonable excuse for her default (see U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121; OneWest Bank, FSB v Galloway, 148 AD3d 818, 819).
We also agree with the Supreme Court's denial of the branch of the defendant's cross motion which was, in effect, pursuant to CPLR 5015(a)(2) to vacate the order of reference on the ground of newly discovered evidence. "Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment" (Wall St. Mtg. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089). In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish, inter alia, that the evidence could not have been discovered earlier through the exercise of due diligence (see id. at 1089). Here, the defendant failed to demonstrate that the purported newly discovered evidence, consisting of responses to written requests submitted to the mortgage servicer, could not have been discovered earlier in the action through the exercise of due diligence (see Deutsche Bank Natl. Trust Co. v Morris, 160 AD3d 613, 614).
The defendant's remaining contentions are either without merit or not properly before this Court.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court