Branch Banking & Trust Co. v Jacobson (2021 NY Slip Op 02782)





Branch Banking & Trust Co. v Jacobson


2021 NY Slip Op 02782


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-02339
 (Index No. 20325/12)

[*1]Branch Banking and Trust Company, respondent,
v
Yosef Yitzchak Jacobson, appellant, et al., defendants.


Zilberberg Einhorn Karpel, P.C., Syosset, NY (Samuel Karpel and Mendel Zilberberg of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yosef Yitzchak Jacobson appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated January 7, 2020. The order, insofar as appealed from, denied that branch of his motion which was pursuant to CPLR 5015(a)(2) to vacate a judgment of foreclosure and sale dated August 27, 2018, entered upon his default in opposing the plaintiff's motion for summary judgment, and thereupon, to vacate an order of the same court dated June 16, 2015.
ORDERED that the order dated January 7, 2020, is affirmed insofar as appealed from, with costs.
On October 12, 2012, the plaintiff commenced this action against the defendant Yosef Yitzchak Jacobson (hereinafter the defendant), among others, to foreclose a mortgage on certain property in Brooklyn. The defendant interposed an answer with affirmative defenses and counterclaims. The plaintiff served a reply to the counterclaims. In September 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and counterclaims, and for an order of reference. The defendant failed to oppose the motion. In an order dated June 16, 2015 (hereinafter the order of reference), the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff.
Thereafter, in January 2016, the plaintiff moved for a judgment of foreclosure and sale. The defendant cross-moved, among other things, pursuant to CPLR 5015(a)(1) to vacate his default in opposing the plaintiff's motion, inter alia, for summary judgment. In an order dated August 27, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The court entered a judgment of foreclosure and sale, also dated August 27, 2018.
In November 2018, the defendant moved, inter alia, for leave to renew and/or reargue that branch of his prior cross motion which was pursuant to CPLR 5015(a)(1) to vacate his default in opposing the plaintiff's motion, among other things, for summary judgment, and, upon renewal and/or reargument, to vacate the order of reference and the judgment of foreclosure and sale. By order dated March 4, 2019, the Supreme Court denied the motion (see Branch Banking and Trust Company v Jacobson, ___ AD3d ___ [Appellate Division Docket No. 2018-14555; decided [*2]herewith]).
In June 2019, the defendant moved, among other things, pursuant to CPLR 5015(a)(2) to vacate the judgment of foreclosure and sale, and thereupon, to vacate the order of reference. In support, the defendant submitted the affirmation of his attorney, who answered the complaint on his behalf. The plaintiff opposed the motion. In an order dated January 7, 2020, the Supreme Court denied the motion. The defendant appeals.
"Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment" (Wall Street Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089; see US Bank N.A. v Eisler, 188 AD3d 1288, 1290). In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish, inter alia, that the evidence could not have been discovered earlier through the exercise of due diligence and that the newly discovered evidence would probably have produced a different result (see Wall Street Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089).
Here, the defendant failed to demonstrate that the attorney's affirmation could not have been obtained earlier in the action through the exercise of due diligence (see US Bank N.A. v Eisler, 188 AD3d at 1290).
The defendant's remaining contentions either are without merit or need not be reached in view of our determination.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(2).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court