Borrie v County of Suffolk (2021 NY Slip Op 05115)





Borrie v County of Suffolk


2021 NY Slip Op 05115


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-08676
 (Index No. 7820/09)

[*1]Roderick Borrie, etc., respondent,
v
County of Suffolk, appellant, et al., defendants.


Dennis M. Cohen, County Attorney (Diana T. Bishop and Devitt Spellman Barrett, LLP, Smithtown, NY [John M. Denby and Christi M. Kunzig], of counsel), for appellant.
Anthony J. Scaffidi, New York, NY (Kevin B. Lynch of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated May 3, 2019. The order denied that defendant's motion pursuant to CPLR 5015(a) to vacate a judgment of the same court (William B. Rebolini, J.) entered November 16, 2011, upon its failure to answer or timely appear, and for leave to renew its prior motion, inter alia, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it, which had been denied in an order of the same court (Thomas F. Whelan, J.) dated March 12, 2010.
ORDERED that the order dated May 3, 2019, is affirmed, with costs.
The plaintiff, as executor of the estate of Rebecca Borrie, commenced this action in February 2009, alleging that the decedent was walking along Quaker Path at or near its intersection with Huyler Court in the Hamlet of Setauket when she was struck and killed by a motor vehicle. The complaint alleged, inter alia, improper roadway design, construction, and maintenance. In an order dated March 12, 2010, the Supreme Court, among other things, granted the plaintiff's cross motion for leave to enter a default judgment against the defendant County of Suffolk upon its failure to answer or timely appear (see Borrie v County of Suffolk, 88 AD3d 842). On November 16, 2011, the court entered a judgment on the issue of liability in favor of the plaintiff and against the County.
In an order dated February 8, 2016, the Supreme Court granted the motion of the defendant Town of Brookhaven for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In May 2018, the County moved to vacate the default judgment, for leave to renew its prior pre-answer motion, inter alia, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it, and upon renewal, to dismiss the complaint and all cross claims insofar as asserted against it. The County relied, in part, on the February 8, 2016 order, claiming that it demonstrated that the County was free from liability.
In an order dated May 3, 2019, the Supreme Court denied the County's motion. The County appeals.
In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish that the evidence could not have been discovered earlier through the exercise of due diligence and that the newly discovered evidence would probably have produced a different result (see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089). Here, the County failed to demonstrate that the newly discovered evidence, "if introduced at trial, would probably have produced a different result" (CPLR 5015[a][2]). Therefore, the Supreme Court properly denied that branch of the County's motion which was pursuant to CPLR 5015(a)(2) to vacate the default judgment entered against it.
To the extent the County moved for relief in the interest of substantial justice, it failed to establish its entitlement to such relief on this ground (see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089). The County failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice (see JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 693; see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 69).
In light of our determination, we need not address the County's remaining contention.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court