JPMorgan Chase Bank, N.A. v Borukhov (2022 NY Slip Op 01445)





JPMorgan Chase Bank, N.A. v Borukhov


2022 NY Slip Op 01445


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-13198
 (Index No. 9787/09)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Alex Amner Borukhov, appellant, et al., defendants.


Morris Fateha (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alex Amner Borukhov appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 8, 2019. The order denied that defendant's motion, in effect, pursuant to CPLR 5015(a)(2) to vacate a judgment of foreclosure and sale of the same court entered November 29, 2017.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Alex Amner Borukhov (hereinafter the defendant). In his amended answer, the defendant raised numerous affirmative defenses, including lack of standing. In an order dated March 9, 2015, the Supreme Court granted the plaintiff's unopposed renewed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In April 2016, the defendant moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated March 9, 2015. The court denied the defendant's motion, determining that he did not have a reasonable excuse for the default in opposing the plaintiff's renewed motion or a potentially meritorious opposition to the renewed motion. Thereafter, on November 29, 2017, the court entered a judgment of foreclosure and sale. In August 2019, the defendant moved, in effect, pursuant to CPLR 5015(a)(2) to vacate the judgment of foreclosure and sale on the ground of newly discovered evidence purportedly demonstrating that the plaintiff lacked standing to commence the action. In an order entered October 8, 2019, the court denied the defendant's motion. The defendant appeals.
"Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment" (Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089; see Branch Banking & Trust Co. v Jacobson, 194 AD3d 685, 686). "In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish that the evidence could not have been discovered earlier through the exercise of due diligence and that the newly discovered evidence would probably have produced a different result" (Borrie v County of Suffolk, 197 AD3d 1285, 1286; see Globe Trade Capital, LLC v Hoey, 199 AD3d 775).
The Supreme Court properly denied the defendant's motion, in effect, pursuant to CPLR 5015(a)(2) to vacate the judgment of foreclosure and sale. The purported newly discovered evidence, consisting of a "Declaration of Private Investigator William J. Paatalo," was not in existence at the time the March 9, 2015 order was issued (see Nationstar Mtg., LLC v Paganini, 191 AD3d 790, 793; Luna v Ponce Funeral Homes, Inc., 176 AD3d 1193, 1194; Bank of N.Y. v Tobing, 155 AD3d 596, 596). Moreover, to the extent the declaration references materials that existed at the time the March 9, 2015 order was issued, the defendant did not adequately explain why those materials could not have been procured earlier (see Globe Trade Capital, LLC v Hoey, 199 AD3d 775). In any event, the purported newly discovered evidence would not have produced a different result.
The defendant's contention that the judgment of foreclosure and sale should have been vacated pursuant to CPLR 5015(a)(3), raised for the first time on appeal, is not properly before this Court (see Deutsche Bank Natl. Trust Co. v Willock, 191 AD3d 576, 576; Bajwa v Saida, Inc., 6 AD3d 471, 473).
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court