Chase Bank USA, N.A. v Laroche (2022 NY Slip Op 05073)

Chase Bank USA, N.A. v Laroche

2022 NY Slip Op 05073

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-08271
 (Index No. 19458/06)

[*1]Chase Bank USA, N.A., respondent,
v
Rachel Laroche, appellant.

Rachel Laroche, Westbury, NY, appellant pro se.
Maidenbaum & Associates, PLLC, Merrick, NY (Eric J. Canals of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and on an account stated, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered September 29, 2020. The order denied the defendant's motion, in effect, pursuant to CPLR 5015(a)(2) and (3) to vacate a clerk's judgment entered May 3, 2007, in favor of the plaintiff and against the defendant in the total sum of $21,993.43.
ORDERED that the order is affirmed, with costs.
In November 2006, the plaintiff commenced this action against the defendant to recover damages for breach of contract and on an account stated, alleging that the defendant failed to pay certain sums due on her credit card account. The defendant failed to appear or answer the complaint. On May 3, 2007, a clerk's judgment was entered in favor of the plaintiff and against the defendant in the total sum of $21,993.43.
In July 2020, the defendant moved, in effect, pursuant to CPLR 5015(a)(2) and (3) to vacate the clerk's judgment. In an order entered September 29, 2020, the Supreme Court denied the motion, and the defendant appeals.
"Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment" (Nationstar Mtge., LLC v Paganini, 191 AD3d 790, 793; see Abakporo v Abakporo, 202 AD3d 646, 649; Branch Banking & Trust Co. v Jacobson, 194 AD3d 685, 686). "In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish that the evidence could not have been discovered earlier through the exercise of due diligence and that the newly discovered evidence would probably have produced a different result" (Borrie v County of Suffolk, 197 AD3d 1285, 1286; see Anghel v Ruskin Moscou Faltischek, P.C., 190 AD3d 903, 905; Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089).
The defendant failed to demonstrate that the purportedly newly discovered evidence could not have been discovered earlier with the exercise of due diligence (see HSBC Bank USA, N.A. v Walker, 201 AD3d 795, 797; US Bank N.A. v Eisler, 188 AD3d 1288, 1290; Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089). In any event, the defendant also failed to establish that [*2]the purportedly newly discovered evidence would have produced a different result (see Globe Trade Capital, LLC v Hoey, 199 AD3d 775, 776; M & T Bank v Crespo, 181 AD3d 667, 668; Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089).
The defendant's contention that the plaintiff obtained the clerk's judgment by making false allegations in the complaint amounts to an allegation of intrinsic fraud (see HSBC Bank USA, N.A. v Walker, 201 AD3d at 797; LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945; Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915, 916; New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012). "A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866; see HSBC Bank USA, N.A. v Somalingam, 203 AD3d 897, 897-898; U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121).
The defendant failed to establish a reasonable excuse for the default (see LaSalle Bank N.A. v Oberstein, 146 AD3d at 945; Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825, 825). Since the defendant failed to establish a reasonable excuse for the default, it is unnecessary to consider whether the defendant presented a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Somalingam, 203 AD3d at 898; HSBC Bank USA, N.A. v Walker, 201 AD3d at 797; LaSalle Bank N.A. v Oberstein, 146 AD3d at 946; EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862-863).
The defendant's remaining contentions are not properly before this Court.
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion, in effect, pursuant to CPLR 5015(a)(2) and (3) to vacate the clerk's judgment.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court