NRT N.Y., LLC v 289 Parsonage Lane, LLC (2023 NY Slip Op 06145)

NRT N.Y., LLC v 289 Parsonage Lane, LLC

2023 NY Slip Op 06145

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-04871
 (Index No. 624238/18)

[*1]NRT New York, LLC, etc., appellant, 
v
289 Parsonage Lane, LLC, respondent.

Margolin & Pierce, LLP, New York, NY (Errol F. Margolin of counsel), for appellant.
Reppert Kelly & Vytell, LLC, New York, NY (Christopher P. Kelly of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft., J), dated April 29, 2021. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(2) to vacate an order of the same court dated May 5, 2020, which, inter alia, granted the defendant's prior cross-motion for summary judgment dismissing the complaint.
ORDERED that the order dated April 29, 2021, is affirmed, with costs.
The plaintiff commenced this action to recover damages for breach of contract against the defendant. The parties entered into an agreement related to the sale of property located at 289 Parsonage Lane in Sagaponack. In a co-listing agreement dated October 23, 2017, the defendant agreed that the brokers, the plaintiff and nonparty Bespoke Real Estate, LLC (hereinafter Bespoke), as co-exclusive brokers, were to be paid 4% of the sales price. That commission was to be split between the co-brokers: 75% to the broker who procured the buyer and 25% to the co-broker. This agreement was extended through September 19, 2018. The agreement further included a 90-day "tail" period, during which Bespoke and the plaintiff were entitled to a commission if the seller entered into a contract of sale with any purchaser whom they procured and to whom they "presented" the property during the term of the agreement. To preserve this right, the co-exclusive brokers were required to provide the defendant with a list of prospective purchasers to whom they had presented the property within 15 days after termination of the agreement. After expiration of the agreement, the defendant entered into a contract for sale of the subject property with buyer Edward Khalily. Bespoke received a broker's fee of $320,000, based on a separate oral agreement. The plaintiff received no portion of the fee.
The plaintiff moved for summary judgment on the complaint and the defendant cross-moved for summary judgment dismissing the complaint. In an order dated May 5, 2020, the Supreme Court denied the motion and granted the cross-motion, concluding that there was no proof that the property was presented to the buyer prior to termination of the agreement, or that a list of prospective buyers was presented by the co-exclusive brokers, as required by the tail provision of the agreement. Subsequently, the plaintiff moved to vacate the order dated May 5, 2020, based on [*2]newly discovered evidence. In an order dated April 29, 2021, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
CPLR 5015(a)(2) permits a court to relieve a party from an order or judgment on the ground of newly discovered evidence (see Anghel v Ruskin Moscou Faltischek, P.C., 190 AD3d 903). "'Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment'" (id. at 905, quoting Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089). "To succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish, inter alia, that the evidence could not have been discovered earlier through the exercise of due diligence and that the newly discovered evidence would probably have produced a different result" (Abakporo v Abakporo, 202 AD3d 646, 649-650).
The Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(2) to vacate the May 5 2020 order. The plaintiff failed to adequately explain why the purportedly newly discovered evidence, the second affidavit of Bespoke principal Zachary Vichinsky, could not have been procured earlier through the exercise of due diligence. In light of the foregoing, we need not consider whether the newly discovered evidence would probably have produced a different result.
The defendant's contention that the May 5, 2020 order should have been vacated pursuant to CPLR 5015(a)(3), raised for the first time on appeal, is not properly before this Court (see JPMorgan Chase Bank, N.A. v Borukhov, 203 AD3d 808; Deutsche Bank Natl. Trust Co. v Willock, 191 AD3d 576, 576).
In light of our determination, we need not reach the defendant's remaining contention.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court