King v City of Mount Vernon (2025 NY Slip Op 50717(U))

[*1]

King v City of Mount Vernon

2025 NY Slip Op 50717(U)

Decided on May 2, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 2, 2025
Supreme Court, Westchester County

Kevin King, Plaintiff,

against
City of Mount Vernon, DETECTIVE CAMILO ANTONINI, 
 individually and in his official capacity, POLICE OFFICER ROBERT PUFF, individually and in his official capacity, POLICE OFFICER AVION LEE individually and in her official capacity, and POLICE OFFICER JOSEPH VALENTE individually and in his official capacity, Defendants.

Index No. 58696/2019

Ramone Law Firm, PLLC
Attorneys for Plaintiff
12 Water Street, Suite 203
White Plains, NY 10601
The Quinn Law Firm, PLLC
Attorney for Defendants
399 Knollwood Road, Suite 220
White Plains, NY 10603

Linda S. Jamieson, J.

The following papers numbered 1 to 6 were read on this motion:
Paper Number
Notice of Motion, Affirmation and Exhibits 1
Memorandum of Law 2
"Counterstatement of Material Facts"[FN1]
 3
Affirmation and Exhibits in Opposition 4
Memorandum of Law in Opposition 5
Reply Memorandum of Law 6
Plaintiff brings his motion seeking (1) to renew defendants' motion for summary judgment pursuant to CPLR § 2221(e) and, upon renewal, denying the motion; (2) in the alternative, to vacate the order granting summary judgment pursuant to CPLR §§ 5015(a)(2) and (3); (3) to strike the errata sheets to the EBT transcripts of Defendants Antonini and Valente; (4) to vacate the Note of Issue and for defendants to produce outstanding discovery; (5) in the alternative, staying this action, should the Court determine that outstanding discovery cannot be produced due to the law enforcement privilege.
This action arises out of an incident that took place on March 8, 2018, in the City of Mount Vernon. Plaintiff alleges that while driving, he was unlawfully detained and transported to the Mount Vernon Police Department (the "Department") by certain officers of the Department. Once at the Department, plaintiff alleges that he was verbally abused and improperly strip searched. He also had a ten-minute conversation with/interrogation by defendant Antonini, who was not present for the detention, transportation or search. According to plaintiff's deposition testimony, the entire encounter took over an hour.
The basis for this motion is this Court's September 2023 Decision and Order granting defendants summary judgment dismissing the action (the "Decision"). The timing of that motion is relevant. The Court notes that it issued the Trial Readiness Order on February 3, 2023, which stated that all discovery had been completed. Plaintiff then filed the Note of Issue on February 15th, stating that "Plaintiff was directed by Hon. Linda S. Jamieson to file a Note of Issue despite outstanding requests for discovery. Plaintiff reserves the right to move to vacate the Note of Issue. There has been a reasonable opportunity to complete the foregoing proceedings." Plaintiff further stated in the Affirmation of Compliance that "depositions of all parties have been conducted, although Plaintiff held open Defendants' depositions for further discovery. . . . Pursuant to CPLR section 202.21, Plaintiff reserves the right to vacate the Note of Issue within 20 days." 
Plaintiff did not move to vacate the Note of Issue within 20 days. Instead, he first moved to do so in this motion, filed two years after he had filed the Note of Issue, and approximately a year and a half after the Court issued the Decision. 
The Court did not issue the Decision lightly. Indeed, the Court gave plaintiff many opportunities to file opposition papers, even after he had repeatedly failed to request an adjournment timely. Specifically, the Court held that
Defendants initially filed their motion in April 2023, making it returnable on June 5th, more than seven weeks later. On May 31st, after his papers were past due, plaintiff first requested an adjournment of the motion, to June 23rd. He did not give any explanation for this adjournment. This request was granted by the Motion Support Office. Then on June 22nd — a date which was after his opposition papers were again past due - plaintiff requested another adjournment, to June 30th. He did not give any explanation for this adjournment request either. The Motion Support Office also granted this adjournment. Then on June 28th, when his papers were again already past due, plaintiff sought another adjournment, to August 5th, also without giving a reason. He stated that his papers would be filed that same day. (This may have been a typo, and he might have intended to file them on July 28th.) This request was denied on the following day for violating the Motion Support Rules. Notwithstanding this denial, the motion was actually [*2]administratively adjourned to either July 31st (according to a notice uploaded by Motion Support on August 1st) or August 4th (a Friday, as per this Court's Part Rules). Regardless of the exact return date, the fact is that plaintiff has still not filed any opposition to the motion. Defendants did file papers in further support of their motion on July 26th.
(Emphasis added). In the Decision, the Court noted that it did "not know why plaintiff sought repeated adjournments;" did "not know why plaintiff waited until after his papers were due, each time, to seek these adjournments;" and did not "know why plaintiff never filed any opposition papers."
The Court thus had no choice but to decide the motion without any opposition from plaintiff. The Court did not just rubber-stamp defendants' motion, however, but found that defendants had established their prima facie entitlement to the relief sought. 
Now, on this motion, the Court examines the procedural bases for setting aside the Decision. The Court begins with the motion for relief pursuant to CPLR § 2221(e). This section is for motions "based upon new facts not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion." It has long been settled that a "motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation." Mortg. Elec. Registration Sys., Inc. v. Congregation Shoneh Halochos, 189 AD3d 820, 137 N.Y.S.3d 440, 443 (2d Dept. 2020). 
As a result, this section does not apply where, as here, a party failed to file any opposition. The Second Department has explained that a motion to renew must be denied when there is "no opposition to the plaintiff's motion for summary judgment that could have been renewed." Hudson City Sav. Bank v. Bomba, 149 AD3d 704, 705, 51 N.Y.S.3d 570 (2d Dept. 2017). See also U.S. Bank Nat'l Ass'n v. Fuller-Watson, 197 AD3d 764, 767, 150 N.Y.S.3d 579, 581 (2d Dept. 2021) ("There was no opposition for the defendant to renew. She opposed neither of the plaintiff's motions."). In apparent recognition of this fact, plaintiff does not even mention this request for relief in his reply papers. The Court thus denies this request for relief.
Turning next to the request to vacate the Decision pursuant to CPLR §§ 5015(a)(2) and (3), the Court first examines subsection (2), the motion to vacate based on newly-discovered evidence. The Second Department has explained that "In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish, among other things, that the evidence could not have been discovered earlier through the exercise of due diligence." U.S. Bank Tr., N.A. v. McCobb, 222 AD3d 696, 201 N.Y.S.3d 163, 165 (2d Dept. 2023). See also Wall St. Mortg. Bankers, Ltd. v. Rodgers, 148 AD3d 1088, 1089, 49 N.Y.S.3d 753, 754 (2d Dept. 2017) ("In order to succeed on a motion pursuant to CPLR 5015(a)(2) . . . the movant must establish that the evidence could not have been discovered earlier through the exercise of due diligence and that the newly discovered evidence would probably have produced a different result."). 
In this case, plaintiff argues that he "requested three adjournments of the motion return date, in order to properly respond to facts and events that had transpired after the filing of the Note of Issue" because those "new facts affected not only the disposition of the motion on the merits, but supported vacatur of the Note of Issue and further discovery." The Court examines these assertions, to see if any of them warrant relief under CPLR § 5015(a)(2). For many of [*3]these allegedly critical documents, plaintiff knew about them, even if he did not possess them. He certainly could have asked the Court for relief, but failed to do so. This undermines his argument, because "lack of access did not prevent him from alerting the court to their existence." Grinshpun v. Borokhovich, 148 AD3d 447, 447, 49 N.Y.S.3d 114, 115 (1st Dept. 2017).
Looking at several of the specific documents, plaintiff asserts that "the errata sheets for Antonini and Valente, served post-Note, contained material alterations to the witnesses' testimony. The material alterations required Plaintiff to prepare cross-motion papers to strike the errata sheets and to strike the Note of Issue, in order to continue the witnesses' EBTs." The problem with this argument is that plaintiff received the errata sheets one month before defendants filed their motion for summary judgment. He had time to raise this issue before the Court prior to the motion having been filed, yet inexplicably did not. Nor did plaintiff actually file a motion "to strike the errata sheets and to strike the Note of Issue, in order to continue the witnesses' EBTS." Instead, he did nothing. This is inadequate for relief under CPLR § 5015(a)(2).
Next, plaintiff complains that "Defendants raised a new probable cause defense based upon the identity of non-party Darrell Jones, and annexed previously-undisclosed documents in support of this defense." He contends that this "required Plaintiff to investigate the criminal case against non-party Darrell Jones, including searching the federal court docket." Again, this information was not actually new. Defendants had testified about Jones in their depositions back in 2022.[FN2]
 As the federal court docket concerning Jones' criminal case was always publicly available, this is also not a basis for relief under CPLR § 5015(a)(2). There are other documents[FN3]
 that plaintiff contends were critical to his motion that were also available either before the motion for summary judgment was filed, or at least, prior to the return date. Again, since plaintiff did not exercise "due diligence" to attempt to obtain them, they are also not a basis for relief.
As for the evidence that plaintiff states that he could not have submitted in opposition to the prior motion because it was not available until 2024, such as the DOJ report, an affidavit from Joseph Murray, and trial admissions of MVPD Deputy Chief Roy Hastings, none of this could be the basis for a motion under CPLR § 5015(a)(2). This is because "Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment." Wall St. Mortg. Bankers, Ltd. v. Rodgers, 148 AD3d 1088, 1089, 49 N.Y.S.3d 753, 754 (2d Dept. 2017) (Emphasis added). See also Johnson v. Marquez, 2 AD3d 786, 789, 770 N.Y.S.2d 377, 379 (2d Dept. 2003) (relief improper where "plaintiffs did not proffer any justification for failing to present facts known to them at the time of the original motion, and improperly relied on facts not in existence at the time of the original motion."). (Emphasis added). The Court thus finds that plaintiff is not entitled to any relief based on CPLR [*4]§ 5015(a)(2). 
Similarly, plaintiff is not entitled to any relief under CPLR § 5015(a)(3) because a party "seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action. [Plaintiff] failed to establish a reasonable excuse for the default. Since [plaintiff] failed to establish a reasonable excuse for the default, it is unnecessary to consider whether [plaintiff] presented a potentially meritorious defense to the action." Chase Bank USA, N.A. v. Laroche, 208 AD3d 845, 847, 174 N.Y.S.3d 738, 739—40 (2d Dept. 2022). See also Wells Fargo Bank, N.A. v. Harrigan, 179 AD3d 1142, 1144, 118 N.Y.S.3d 176, 179 (2d Dept. 2020) ("Law office failure may qualify as a reasonable excuse for a party's default provided the claim of such failure is supported by a detailed and credible explanation of the default. In the absence of a reasonable excuse, it is unnecessary for a court to consider whether the defaulting party sufficiently demonstrated the existence of a potentially meritorious opposition to the motion."). 
Moreover, such a motion must be made within a reasonable time. "While there is no specific time limit within which to move under this provision, the motion must be made within a reasonable time. Here, the court providently exercised its discretion in denying the motion, as it was not made within a reasonable time." New Century Mortg. Corp. v. Chimmiri, 146 AD3d 893, 894, 45 N.Y.S.3d 209, 211 (2d Dept. 2017). Waiting approximately 18 months after the Decision is not reasonable, particularly since plaintiff knew about this "newly-discovered" evidence more than a year ago in some cases, and more than two years ago in others.
Even if the motion had been timely, plaintiff still failed to establish a reasonable excuse for his default. The Court adjourned the motion for several months, at plaintiff's request, yet he failed to notify the Court about the allegedly critical information he lacked; failed to file his allegedly prepared motion to strike; and failed to file any opposition papers at all. This is not a reasonable excuse for the default. The Court must deny the request for relief under § 5015(a)(3). U.S. Bank Nat'l Ass'n v. Carucci, 217 AD3d 894, 895, 191 N.Y.S.3d 488, 490 (2d Dept. 2023) (relief not warranted where movant "failed to establish a reasonable excuse for her default"). 
The Court finds that plaintiff has not established any basis on which the Court can vacate or rescind the Decision. There is thus no basis for any of the other relief that plaintiff seeks. The motion is denied in its entirety.
The foregoing constitutes the decision and order of the Court.
Dated: May 2, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1: This purports to be a response to the Statement of Material Facts that defendants filed back in April 2023 on their motion for summary judgment.

Footnote 2: One of plaintiff's complaints about the errata sheets is that "Johnson" was changed to "Jones" in one of the transcripts. Thus, even if the Court were to ignore the fact that others correctly identified Jones at their depositions, by the time plaintiff had the errata sheets before the motion for summary judgment was filed, he absolutely knew about Jones.

Footnote 3: Given the pervasive lack of due diligence, the Court sees no merit in discussing each such document.