Wilmington Trust N.A. v Borukhov (2025 NY Slip Op 06638)

Wilmington Trust N.A. v Borukhov

2025 NY Slip Op 06638

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2025-01232
 (Index No. 9787/09)

[*1]Wilmington Trust National Association, etc., respondent, 
v
Alex Amner Borukhov, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alex Amner Borukhov appeals from an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), entered January 8, 2025. The order, insofar as appealed from, denied that defendant's motion to vacate (1) an order of the same court (Thomas A. Adams, J.) entered March 24, 2015, inter alia, granting the unopposed motion of the plaintiff's predecessor in interest for leave to renew its prior motion, among other things, for summary judgment on the complaint and, upon renewal, granting the prior motion and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered November 29, 2017, or, in the alternative, for leave to renew that branch of his prior motion which was to vacate the order entered March 24, 2015, and, thereupon, the order and judgment of foreclosure of sale, which had been denied in an order of the same court (David P. Sullivan, J.) dated November 7, 2022.
ORDERED that the order entered January 8, 2025, is affirmed insofar as appealed from, with costs.
In 2009, the plaintiff's predecessor in interest commenced this action against the defendant Alex Amner Borukhov (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Great Neck. In an order entered March 24, 2015, the Supreme Court granted the unopposed motion of the plaintiff's predecessor in interest for leave to renew its prior motion, inter alia, for summary judgment on the complaint and, upon renewal, granted the prior motion. On November 29, 2017, the court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property.
In July 2022, the defendant moved, among other things, pursuant to CPLR 5015(a) to vacate the order entered March 24, 2015, and, thereupon, the order and judgment of foreclosure and sale (hereinafter the 2022 motion). In an order dated November 7, 2022, the Supreme Court, inter alia, denied that branch of the 2022 motion.
In 2024, the defendant moved pursuant to CPLR 5015(a) or in the interest of justice [*2]to vacate the order entered March 24, 2015, and the order and judgment of foreclosure of sale or, in the alternative, for leave to renew that branch of the 2022 motion which was pursuant to CPLR 5015(a) to vacate the order entered March 24, 2015, and, thereupon, the order and judgment of foreclosure and sale. In an order entered January 8, 2025, the Supreme Court, inter alia, denied the motion. The defendant appeals.
Pursuant to CPLR 5015(a), a court that rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the grounds of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; Legal Servicing, LLC v Gomez, 229 AD3d 785, 786). CPLR 5015(a) does not provide an exhaustive list as to when a judgment or order may be vacated, and in addition to the grounds set forth in the statute, a court may, in its discretion, vacate its own judgment or order for "sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Beneficial Homeowner Serv. Corp. v Francis, 209 AD3d 957, 958-959). However, "'[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect'" (Legal Servicing, LLC v Gomez, 229 AD3d at 786, quoting Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742).
Here, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a) or in the interest of justice to vacate the order entered March 24, 2015, and the order and judgment of foreclosure of sale. The defendant failed to establish that the purportedly new facts proffered in support of his motion, namely, certain responses from the Federal Deposit Insurance Corporation provided in response to the defendant's Freedom of Information Act request, could not have been discovered earlier through the exercise of due diligence (see NRT N.Y., LLC v 289 Parsonage Lane, LLC, 221 AD3d 1018, 1020; Chase Bank USA, N.A. v Laroche, 208 AD3d 845, 846) or that they would have probably changed the result previously reached (see Chase Bank USA, N.A. v Laroche, 208 AD3d at 847; Krajcik v Jacono, 201 AD3d 908, 909). The defendant likewise failed to establish fraud, misrepresentation, or other misconduct on the part of the plaintiff that could warrant vacatur of the judgment pursuant to CPLR 5015(a)(3) (see Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d 799, 800-801; Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753). The defendant further failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice (see Legal Servicing, LLC v Gomez, 229 AD3d at 787; CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1009).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). "'The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion'" (U.S. Bank N.A. v Plunkett, 241 AD3d 974, 977, quoting Carmike Holding I, LLC v Smith, 180 AD3d 744, 747). "'[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (id., quoting Makropoulos v City of New York, 187 AD3d 885, 888; see Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 629).
Here, the defendant failed to establish that the purported new facts that he proffered in support of his subsequent vacatur motion were not available when he made the 2022 motion (see Wilmington Trust National Association v Borukhov, _____ AD3d _____ [Appellate Division Docket No. 2023-00086; decided herewith]; see also U.S. Bank N.A. v Plunkett, 241 AD3d at 977; Wells Fargo Bank, N.A. v Mone, 185 AD3d at 629) or that they would have changed the prior determination (see Seegopaul v MTA Bus Co., 210 AD3d 715, 716). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for leave to renew that branch of the 2022 motion which was pursuant to CPLR 5015(a) to vacate the order entered March [*3]24, 2015, and, thereupon, the order and judgment of foreclosure and sale (see id. § 2221[e]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court